## Rogers Grain Company v. Matthew Jansen.

1. TENDER—*what essential to.* To make a good tender after suit brought, it is essential that there should be brought into court not only the sum admitted to be due but also the plaintiff's costs up to the time of such tender.

Action of assumpsit. Appeal from the Circuit Court of DeWitt County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed November 18, 1904.

LEMON & LEMON, for appellant.

EDWARD J. SWEENEY, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

Appellant bought of appellee 3,197 bushels of corn, part of it at the price of thirty-nine cents and part at thirty-eight and one-half cents per bushel, the price of the entire lot at those figures being $1,243.11. Appellant complained that the corn was not up to contract grade and after some controversy proposed to appellee to pay him $1,211.25. Appellee declined the proposition and brought this suit. After suit was begun appellant tendered in court the sum of $1,211.25. Trial was had by jury and a verdict rendered for plaintiff for $1,227.24, upon which judgment was entered.

The only grounds of complaint presented by appellant for our consideration are that the verdict is against the evidence and that instruction numbered two upon the subject

of tender given for plaintiff is erroneous. The testimony of the witnesses is almost entirely confined to the matter of the soundness or unsoundness of some of the corn. There were nine witnesses for plaintiff and four for defendant. The testimony is contradictory; the difference between the verdict and the amount tendered in court is $15.99 in favor of the plaintiff, and yet we are asked to examine the mass of contradictory evidence, and set aside the verdict found by a jury and approved by the trial judge, and give this appellant another opportunity to convince a jury that it does not owe this sum of $15.99.

We have examined the evidence and conclude that the verdict is as nearly correct as any other twelve men could reach, and certainly is more nearly correct than any finding we could make from a mere reading of the testimony. The question of tender is now of no importance for the reason that the jury have found by their verdict that the tender, if one was made and kept good, was insufficient in amount. Our conclusion, however, is that no tender was made before suit was brought, and after suit was brought no sufficient tender was made. By its tender in court the defendant confessed that it owed the sum of $1,211.25 for the corn purchased. To make a good tender after suit brought defendant should have brought into court not only that sum but also the plaintiff's costs up to the time of tender.

The judgment is affirmed and the appellee will be allowed the cost of the additional abstract furnished by him.

*Affirmed.*